UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRUCE SCARIANO** | * | **CIVIL ACTION:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **STATE FARM FIRE AND CASUALTY** | * | |
| **COMPANY** | * | **MAGISTRATE** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

**NOW COMES**, defendant, State Farm Fire and Casualty Company ("State Farm"), through undersigned counsel, which files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the docket of this Honorable Court.

**I.   INTRODUCTION**

1.

Plaintiff brought this action against State Farm in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, bearing Case No. 114-674, Division A, and entitled "*Bruce Scariano v. State Farm Fire and Casualty Company.*" (See Plaintiff's Petition attached in its entirety hereto as **Exhibit A**).

{N0291057 -}

2.

The suit seeks damages and penalties from State Farm for its alleged failure to provide coverage and payment for certain claims made under Plaintiff's homeowners insurance policy in connection with Hurricane Katrina. In addition to Plaintiff's claims under the terms of the policy, Plaintiff seeks general and specific damages, as well as damages, penalties and attorney's fees under Louisiana Revised Statutes 22:1892 and 22:1973[1].

**II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

3.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

4.

Here, Bruce Scariano is a citizen of the State of Louisiana;[2] State Farm is incorporated and has its principal place of business in Illinois. Therefore, State Farm is domiciled in the State of Illinois. Thus, complete diversity of citizenship exists between the parties.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

5.

Based upon information and belief, the amount in controversy facially exceeds $75,000.

---

[1] Plaintiff's petition seeks damages under La. R.S. 22:658 and 22:1220; it does not reference La. R.S. 22:1892 or 22:1973. Those statutes (La. R.S. 22:658 and 22:1220) have been re-designated as La. R.S. 22:1892 and 22:1973. State Farm will refer to them under their new designation throughout this pleading.
[2] *See* Plaintiffs' Petition, ¶ I

6.

When plaintiffs allege an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir.1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).  A defendant satisfies this burden either: (1) by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or (2) by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen* at 1335.

7.

While State Farm admits neither liability nor any element of damages, Plaintiff's Petition facially supports a finding that the amount in controversy exceeds $75,000.

8.

Plaintiff alleges that "…On August 29, 2005 Hurricane Katrina caused **total loss** of each Plaintiff's property, including but not limited to roof damage and damage to the interior, including its contents.  This damage rendered the real property uninhabitable for an extended period of time.  This damage was caused by wind and wind driven rain.  Wind was the efficient proximate cause of all this damage, causing a total loss of the property…."[3]

9.

The coverage on Plaintiff's homeowners policy (the "Policy") provides the following coverage limits: (1) $95,836 for dwelling ("Coverage A"); (2) $52,710 ("Coverage B"); and (3) actual loss sustained for Loss of Use/ALE ("Coverage C").  Following Hurricane Katrina, State Farm paid to the Plaintiff $3,879.67 under Coverage A, $600 under Coverage B, and $3,102.64

---

[3] *See* Plaintiffs' Petition, ¶ V.

under Coverage C. Therefore, there is at least $144,066.33 in available limits under Coverage A and B plus an undetermined amount under Coverage C under the Policy. Here, the Plaintiff is seeking policy limits.[4]

10.

In addition to the claims under the policy, the Plaintiff seeks damages, penalties, and attorney's fees under Louisiana Revised Statutes La. R.S. 22:1892 and 22:1973.[5]

11.

Plaintiff's claims can be summarized from the Petition as follows:

- Payment of policy limits for structure;
- Payment of policy limits for other structures;
- Payment of policy limits for contents;
- Payment of policy limits for debris removal;
- Payment of policy limits for additional living expenses/loss of use;
- Double damages pursuant to LSA R.S. 22:1892;
- Penalties pursuant to LSA R.S. 22:1973;
- Attorney fees;
- Court costs; and
- Any relief which this court deem fair and equitable.[6]

12.

Further, this lawsuit is a duplicate of an identical lawsuit which is already pending in the United States District Court for Eastern District of Louisiana. The duplicate lawsuit involves the same claims asserted by the same Plaintiff against the same Defendant under the same policy of insurance. **(See Exhibit B: Plaintiff's Federal Complaint)** In fact, on June 25, 2009 in the duplicate Federal Court lawsuit, the Plaintiff affirmatively admitted to the Federal Court that federal jurisdiction was established. **(See Exhibit C: Scheduling Order)** Moreover, on June 25, 2009, the Federal Court Judge signed an Order stating that "... jurisdiction and venue are

---

[4] *See* Plaintiffs' Petition, ¶ X.
[5] *See* Plaintiffs' Petition, ¶ ¶ VII, X, and "Prayer for Relief".
[6] *See* Plaintiffs' Petition, ¶ X.

established..." Thus, State Farm submits that the issue of jurisdiction is *res judicata,* and the Plaintiff filing of the duplicate lawsuit in State Court was done by the Plaintiff in bad faith.

13.

Further, in the duplicate Federal Court lawsuit, the Plaintiff submitted Rule 26 Initial Disclosures claiming damages of $100,100 plus penalties.

14.

While State Farm admits no liability or any element of damages, when the penalties and attorney fees claimed by Plaintiff are factored in, the facts and allegations in the Plaintiff's Petition support a finding that the amount in controversy herein likely exceeds $75,000.

    **C.**    **THE PLAINTIFF DID NOT FILE A BINDING STIPULATION LIMITING RECOVERY *WITH ITS COMPLAINT***

15.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See *Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

16.

The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,*

303 US 283, 58 S.Ct. 586 (1938).  The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000.  *See Davis v. State Farm and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D.La. 2006).

17.

Plaintiff has made no such binding stipulation and renunciation.

18.

While State Farm admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* State Farm has met its burden of showing the amount in controversy is in excess of $75,000.

19.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

20.

The Louisiana Secretary of State, State Farm's agent for service of process, was served with the petition on October 26, 2009.  State Farm first received notice of this lawsuit on October 28, 2009, via transmission from the Secretary of State.  **(Exhibit D).**

21.

This Notice of Removal was filed within thirty (30) days after State Farm first received a copy of the initial pleadings setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

22.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of Court for the 34th Judicial District Court for the Parish of St. Bernard, the Parish where Plaintiff filed the Petition for Damages.

23.

No previous application has been made for the relief requested herein.

24.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**IV.   THE EASTERN DISTRICT OF LOUISIANA IS THE PROPER VENUE FOR THIS ACTION**

25.

The 34th Judicial District Court for the Parish of St. Bernard, where Plaintiff filed the Petition for Damages, is located within the Eastern District of Louisiana. 28 U.S.C. § 98(a). Therefore, venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this court's docket.

Respectfully submitted,

*/s/Paul G. Van Hoose*
LINDSAY A. LARSON, III, **T.A.,** #08053
PAUL G. VAN HOOSE, #31347
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, LA 70170
Telephone: (504) 582-3800
llarson@kingkrebs.com
pvanhoose@kingkrebs.com

*Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/Paul G. Van Hoose*
PAUL G. VAN HOOSE